UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

CHRISTOPHER SHULTZ,  )
)
Plaintiff,  )
)
v.  ) No. 1:22-cv-76-DDN
)
STODDARD COUNTY JAIL, et al.,  )
)
Defendants.  )

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of self-represented plaintiff Christopher Shultz for leave to commence this civil action without prepayment of the required filing fee. ECF No. 2. Having reviewed the motion and the financial information submitted in support, the Court has determined that plaintiff lacks sufficient funds to pay the entire filing fee, and will assess an initial partial filing fee of $75.95. *See* 28 U.S.C. § 1915(b)(1). Additionally, for the reasons discussed below, the Court will order plaintiff to file an amended complaint.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly

payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

In support of his motion for leave to proceed *in forma pauperis*, plaintiff submitted a copy of his account transaction history from the Eastern Reception Diagnostic and Correctional Center ("ERDCC") where he is currently incarcerated.[1] ECF No. 11. A review of plaintiff's account from the relevant period indicates an average monthly deposit of $379.75 and an average monthly balance of $4.23. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $75.95, which is 20 percent of plaintiff's average monthly deposit.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible

---

[1] Prior to his transfer to ERDCC, plaintiff was housed at Stoddard County Jail and Pemiscot County Jail. Plaintiff asserts Stoddard County Jail refuses to provide him with an account statement, and he has yet to receive an account statement from Pemiscot County Jail. ECF No. 11. This Court ordered plaintiff to provide his certified inmate account statement(s) no later than July 13, 2022, ECF No. 5, and was subsequently provided with an almost two-month extension, ECF No. 10. Because plaintiff's motion to proceed *in forma pauperis* has been pending since June 8, 2022, the Court will calculate his initial partial filing fee based on the ERDCC account transaction history he has provided. If plaintiff is unable to pay the initial partial filing fee, he must submit a copy of the remaining inmate account statement(s) for the relevant six-month time period to support his claim.

claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must assume the veracity of well-pleaded facts but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even self-represented complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules in order to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

**The Complaint**

On June 8, 2022, self-represented plaintiff Christopher Shultz filed the instant action on the Court's Prisoner Civil Rights Complaint form pursuant to 42 U.S.C. § 1983. ECF No. 1. At the time of filing he was a pretrial detainee housed at Pemiscot County Jail. *Id.* at 3. The claims within his complaint, however, relate to incidents that occurred at Stoddard County Jail (the "Jail") in Bloomfield, Missouri.

Plaintiff names the following nine defendants: (1) Stoddard County Jail; (2) Sheriff Carl Heffner; (3) Jail Administrator Dan Seger; (4) Correctional Officer Jason Unknown; (5) Correctional Officer Matt Unknown; (6) Correctional Officer Christina Craft; (7) Correctional

3

Officer Chris Cross; (8) Robbin Dannemueller; and (9) Scott County Nurse Joe Unknown. Plaintiff indicates he is suing Dan Seger and Carl Heffner in their official and individual capacities, and the remaining defendants in their official capacities only.

Plaintiff asserts he had a "writ" to be separated from an unnamed inmate due to a known conflict. At some point after the writ was issued, plaintiff filed an unrelated grievance with the Jail. Plaintiff alleges that on February 28, 2022 defendant Seger woke him up in his cell "screaming, cussing, and making threats." Plaintiff appears to allege that defendant Seger removed him from his cell and placed him with the inmate he was to be separated from in direct retaliation for the grievance he filed. Plaintiff asserts a "fight took place" causing "skin abrasions, lip split open, [and a] black swollen eye."

Under the heading, "Claim #2," plaintiff further alleges that from January 18, 2022 through February 28, 2022, his due process rights were violated and he was wrongfully discriminated against because he was placed in a holding cell for "40+ days" and denied "showering, hygiene and more." He claims this treatment resulted in staph infections. Plaintiff asserts he saw defendant Nurse Joe and was provided with medication.

For relief, plaintiff seeks punitive damages for emotional duress, the demotion or removal of defendant Seger, and an investigation into "other Staff-ordered assaults where Staff blackmailed inmates to attack others."

**Discussion**

Having thoroughly reviewed and liberally construed plaintiff's complaint, the Court concludes it is subject to dismissal. However, in consideration of plaintiff's self-represented status, the Court will allow him to submit an amended complaint.

### A. Official Capacity

Plaintiff indicates he is suing all nine defendants in their official capacities. An official capacity claim against an individual is actually "against the governmental entity itself." *See White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017). In other words, a "suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999). *See also Brewington v. Keener*, 902 F.3d 796, 800 (8th Cir. 2018) (explaining that official capacity suit against sheriff and his deputy "must be treated as a suit against the County"); *Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016) (stating that a "plaintiff who sues public employees in their official, rather than individual, capacities sues only the public employer"); and *Elder-Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006) (stating that a "suit against a public official in his official capacity is actually a suit against the entity for which the official is an agent"). In order to prevail on an official capacity claim, the plaintiff must establish the governmental entity's liability for the alleged conduct. *Kelly*, 813 F.3d at 1075.

A Jail, however, is not a distinctly suable entity under 42 U.S.C. § 1983. *See Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (1992); *Owens v. Scott Cty. Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003) ("county jails are not legal entities amenable to suit"); *De La Garza v. Kandiyohi Cty. Jail*, 18 Fed. Appx. 436, 437 (8th Cir. 2001) (affirming district court dismissal of county jail and sheriff's department because they are not suable entities). Consequently, plaintiff's complaint is legally frivolous and/or fails to state a claim against the Jail and all defendants in their official capacities who all appear to be employees of the Jail.

Even if Stoddard County is substituted as the employer, plaintiff still fails to state a claim. Unlike the Jail, a local governing body such as Stoddard County can be sued directly under 42

5

U.S.C. § 1983. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978). To prevail on this type of claim, the plaintiff must establish the governmental entity's liability for the alleged conduct. *Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016). Such liability may attach if the constitutional violation resulted from (1) an official policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise. *Mick v. Raines*, 883 F.3d 1075, 1079 (8th Cir. 2018). *See also Marsh v. Phelps Cty.*, 902 F.3d 745, 751 (8th Cir. 2018) (recognizing "claims challenging an unconstitutional policy or custom, or those based on a theory of inadequate training, which is an extension of the same").

Here, plaintiff provides no allegations that Stoddard County has an unconstitutional policy or custom that makes it liable for the alleged violations of his constitutional rights. Indeed, there is no mention whatsoever of any policy or custom anywhere in the complaint, and there are no allegations regarding a pattern of similar constitutional violations by other Stoddard County employees. Stoddard County is not mentioned in the statement of the claim. Therefore, plaintiff's official capacity claims against all defendants are subject to dismissal. *See Ulrich v. Pope Cty.*, 715 F.3d 1054, 1061 (8th Cir. 2013) (affirming district court's dismissal of *Monell* claim where plaintiff "alleged no facts in his complaint that would demonstrate the existence of a policy or custom" that caused the alleged deprivation of plaintiff's rights).

### B. Individual Capacity

Personal-capacity suits typically allege that a government official is individually liable for the deprivation of a federal right as a result of actions taken outside the scope of his official duties, but under color of law. *Hafer v. Melo*, 502 U.S. 21, 25 (1991). In such suits, the face of the complaint must clearly notify the defendant that he may be personally liable for any damages arising out of the suit. *Nix v. Norman,* 879 F.2d 429, 431 (8th Cir. 1989).

6

Plaintiff names defendants Seger and Heffner in their individual capacities. Plaintiff fails, however, to provide any specific allegations against defendant Heffner. To state a claim under § 1983, plaintiff must plead that each defendant "personality violated [his] constitutional rights." *Jackson v. Nixon*, 747 F.3d 537, 543 (8th Cir. 2014) (citing *Iqbal*, 556 U.S. at 676). *See also Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) ("Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights."). Plaintiff has not set forth any facts indicating how defendant Heffner was personally involved in or directly responsible for the violation of his constitutional rights. Plaintiff does not assert Officer Heffner assisted defendant Seger in transferring him out of his cell or that he was involved with the decision to place him in a holding cell.

Additionally, plaintiff appears to present a case involving two unrelated claims and requests for relief against unrelated defendants. Such an attempt is improper. Rule 20(a)(2) of the Federal Rules of Civil Procedure governs joinder of defendants, and states as follows:

> Persons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or *arising out of the same transaction, occurrence, or series of transactions or occurrences*; and (B) *any question of law or fact common to all defendants will arise in the action.*

Rule 20(a), Fed. R. Civ. P. (emphasis added). Under this rule, a plaintiff cannot join in a single lawsuit a multitude of claims against different defendants that are related to events arising out of different occurrences or transactions. In other words, "Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). "Unrelated claims against different defendants belong in different suits, . . . [in part] to ensure that prisoners pay the required filing fees — for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the

7

required fees." *Id.* In the instant complaint, plaintiff's claims regarding his alleged forty-day placement in a holding cell without access to a shower or hygiene products appear unrelated to the claim against defendant Seger for improperly retaliating against him by placing him with an enemy inmate.

Because plaintiff is a self-represented litigant, he will be given the opportunity to cure these deficiencies by filing an amended complaint according to the instructions set forth below. Plaintiff must follow these instructions in preparing his amended complaint.

### Amendment Instructions

Plaintiff is advised that the filing of an amended complaint completely replaces the original complaint so it must include all claims plaintiff wishes to bring. *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supersedes an original complaint and renders the original complaint without legal effect"). Any claims from any other complaints or supplements that are not included in the amended complaint will be deemed abandoned and will not be considered. *Id.* Plaintiff must type or neatly print the amended complaint on the Court-provided prisoner civil rights complaint form, and the amended complaint must comply with the Federal Rules of Civil Procedure. *See* E.D. Mo. L.R. 2.06(A).

The Federal Rules of Civil Procedure require litigants to formulate their pleadings in an organized and comprehensible manner. Even self-represented litigants are obligated to abide by the Federal Rules of Civil Procedure and to plead specific facts as to each named defendant. *See U.S. v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994). Plaintiff is required to set out his alleged claims in a simple, concise, and direct manner, and also the facts supporting his claims as to each named defendant. *See* Fed. R. Civ. P. 8(a)(2) (complaint should contain short and plain

statement of claims); 8(d)(1) (each claim shall be simple, concise, and direct); 10(b) (parties are to separate their claims within their pleadings and the contents of which shall be limited as far as practicable to a single set of circumstances). Plaintiff should fill out the complaint form in its entirety.

In the "Caption" section of the complaint form, plaintiff must state the first and last name, to the extent he knows it, of the defendant or defendants he wants to sue. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties"). If there is not enough room in the caption, Plaintiff may add additional sheets of paper. However, all the defendants must be clearly listed. Plaintiff should also indicate whether he intends to sue each defendant in his or her individual capacity, official capacity, or both. Plaintiff should avoid naming anyone as a defendant unless that person is directly related to his claim(s).

In the "Statement of Claim" section, plaintiff should begin by writing a defendant's name. In separate, numbered paragraphs under that name, plaintiff should: (1) set forth the factual allegations supporting his claim against that defendant; (2) state what constitutional or federal statutory right(s) that defendant violated; and (3) state whether the defendant is being sued in his/her individual capacity or official capacity. If plaintiff is suing more than one defendant, he should proceed in the same manner with each one, separately writing each individual defendant's name and, under that name, in numbered paragraphs, the factual allegations supporting his claim or claims against that defendant. No introductory or conclusory paragraphs are necessary.

Plaintiff should only include claims that arise out of the same transaction or occurrence, or simply put, claims that are related to each other. *See* Fed. R. Civ. P. 20(a)(2). Alternatively, Plaintiff may choose a single defendant, and set forth as many claims as he has against him or her. *See* Fed. R. Civ. P. 18(a). Plaintiff's failure to make specific factual allegations against any

defendant will result in that defendant's dismissal. Furthermore, the Court emphasizes that the "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017).

If plaintiff is suing a defendant in an individual capacity, he is required to allege facts demonstrating the personal responsibility of the defendant for harming him. *Madewell*, 909 F.2d at 1208 (stating that § 1983 liability "requires a causal link to, and direct responsibility for, the deprivation of rights"). Plaintiff must explain the role of each defendant so that each defendant will have notice of what he or she is accused of doing or failing to do. *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (stating that the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim.").

If plaintiff fails to file an amended complaint on a Court-provided form within thirty (30) days in accordance with the instructions set forth herein, the Court may dismiss this action without prejudice and without further notice to plaintiff.

**Motion to Appoint Counsel**

Plaintiff has filed a motion to appoint counsel. ECF No. 3. In civil cases, a self-represented litigant does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). *See also Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998) (stating that "[a] pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case"). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim . . . and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the

case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After reviewing these factors, the Court finds that the appointment of counsel is not warranted at this time. plaintiff has yet to file a complaint that survives initial review, so it cannot be said that he has presented non-frivolous claims. Additionally, this case appears to involve straightforward factual and legal issues, and there is no indication that plaintiff cannot investigate the facts and present his claims to the Court. The Court will entertain future motions for appointment of counsel as the case progresses, if appropriate.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed *in forma pauperis* [ECF No. 2] is **GRANTED.**

**IT IS FURTHER ORDERED** that plaintiff must pay an initial filing fee of $75.95 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail to plaintiff two blank Prisoner Civil Rights Complaint forms.  Plaintiff may request additional forms as needed.

**IT IS FURTHER ORDERED** that plaintiff shall file an amended complaint on the Court-provided form in accordance with the instructions stated above within **thirty (30) days** of the date of this Order. Plaintiff is advised that his amended complaint will take the place of his original filing and will be the only pleading that this Court will review.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [ECF No. 3] is **DENIED** at this time without prejudice.

**IT IS FINALLY ORDERED** that if plaintiff fails to comply with this Order, the Court will dismiss this action without prejudice and without further notice.

Dated this 12th day of September, 2022.

/s/ David D. Noce
DAVID D. NOCE
UNITED STATES MAGISTRATE JUDGE