UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| CHRISTOPHER SHULTZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:22-CV-76-DDN |
| ) | |
| STODDARD COUNTY JAIL, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon review of the file. Self-represented plaintiff Christopher Shultz initiated this case on June 8, 2022 pursuant to 42 U.S.C. § 1983 against the Stoddard County Jail and eight employees. ECF No. 1. Plaintiff indicated two defendants were to be named in their official and individual capacities, but was silent as to the remaining defendants. Submitted with the complaint was a motion for leave to proceed *in forma pauperis*. ECF No. 2. Plaintiff alleged one of the defendants placed him with an enemy inmate, and he was subsequently subjected to an attack. Plaintiff also claimed he was wrongfully placed in a holding cell for more than 40 days and denied "showing, hygiene and more." Plaintiff did not state who placed him in the cell or who denied him specific necessities.

On September 12, 2022, the Court reviewed plaintiff's complaint pursuant to 28 U.S.C. § 1915, and granted his motion to proceed *in forma pauperis*. ECF No. 12. The Court determined his official capacity claims were subject to dismissal because naming government officials in their official capacities is equivalent to naming their employer, and Stoddard County Jail was not an entity that could be sued under § 1983. Even if Stoddard County was substituted as the employer of defendants, plaintiff did not assert municipal liability. As to plaintiff's individual capacity

claims against the two defendants, the Court noted plaintiff's failure to allege how both were involved in or personally responsible for specific violations of his constitutional rights. Lastly, the Court determined the complaint was further subject to dismissal because the allegations did not appear to arise out of the same transactions or occurrences, and did not share a question of law or fact common to all of the named defendants. In consideration of plaintiff's self-represented status, the Court directed him to file an amended complaint to cure his pleading deficiencies. Plaintiff was mailed the appropriate Court-form and provided specific instructions on how to submit his amendment. He was warned that his failure to timely comply would result in the dismissal of this action without prejudice and without further notice. Plaintiff had thirty (30) days, or until October 12, 2022, to file an amended complaint.

Plaintiff sent a letter to the Court, dated September 9, 2022, which was received and filed on September 15, 2022. ECF No. 13. The letter indicated a change of address to the Potosi Correctional Center. *Id.* On the same day plaintiff's letter was filed, the Court resent its Memorandum and Order to the Potosi Correctional Center, which directed plaintiff to amend his complaint. Consequently, the Court readjusted the thirty (30) day deadline. Plaintiff had until October 15, 2022 to file an amended complaint.

As of the date of this Order, plaintiff has not complied with the Court's directive to amend his complaint, nor has he sought additional time to do so. The Court gave plaintiff meaningful notice of what was expected, cautioned him that his case would be dismissed if he failed to timely comply, and gave him significant additional time to comply. Therefore, this action will be dismissed without prejudice due to plaintiff's failure to comply with the Court's September 12, 2022 Order and his failure to prosecute his case. *See* Fed. R. Civ. P. 41(b); *see also Brown v. Frey*,

806 F.2d 801, 803-04 (8th Cir. 1986) (a district court has the power to dismiss an action for the plaintiff's failure to comply with any court order); *Dudley v. Miles*, 597 F. App'x 392 (8th Cir. 2015) (per curiam) (affirming dismissal without prejudice where self-represented plaintiff failed to file an amended complaint despite being cautioned that dismissal could result from failure to do so). This dismissal will not count as a "strike" for purposes of 28 U.S.C. § 1915(g).

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 16th day of November, 2022.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE